```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

KEVIN KAYVON EDSON,
        Plaintiff,

        v.                              CIVIL ACTION NO.
                                        14-12242-IT
DZHOKHAR TSARNAEV,
        Defendant.
```

MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiff's "motion for preliminary injunction, temporary restraining order, TRO 28 U.S.C. 1331." For the reasons stated below, Edson's pro se motion is denied and this action is dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

BACKGROUND

Kevin Kayvon Edson ("Edson") filed his pleading titled "motion for preliminary injunction, temporary restraining order, TRO 28 U.S.C. 1331." See Docket No. 1. Edson names as the sole defendant Dzhokhar Tsarnaev, the man accused of the Boston Marathon bombing. See United States v. Tsarnaev, C.R. No. 13-10200-GAO (pending).

Edson's motion consists of three single-spaced, type-written pages. As best as this Court can discern, Edson's motion sets forth his theories surrounding the Boston Marathon bombing. Edson describes himself as a whistle blower, see Pl. Mot. at p. 2., and asks for the defendant's immediate release from federal custody. Edson alleges, among other things, that defendant "[is

a] mind control victim of the CIA."

Edson asserts that he, along with the rest of society, face "immenent (sic) danger and bodily harm." Id. at p. 1. As relief, Edson seeks "a Restraining Order against Defendant and Government to stop more attacks." Id. at p. 3.

DISCUSSION

I.   Review

Because Edson is proceeding pro se, the Court will construe his motion generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

II.  Filing Fee

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[1], see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).  Because Edson's motion is subject to summary dismissal, he will not be granted additional time either to pay the filing fee or file an application seeking waiver thereof.

III. Analysis

Federal courts are "'courts of limited jurisdiction.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008)

---

[1]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding in forma pauperis.  See Judicial Conference Fee Schedule.

(quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994)). Such courts may adjudicate only those cases authorized by the Constitution and by Congress. Kokkonen, 511 U.S. at 377. "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Edson seeks to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, which allows a district court to decide an action "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. However, Edson's pleading offers no basis for federal question jurisdiction. Although a pro se pleading is held to a less stringent standard than pleadings drafted by lawyers, "a court ... will not 'conjure up unpled allegations' ... to state an actionable claim." Restucci v. Clarke, 669 F.Supp.2d 150, at 155 (D. Mass. 2009) (quoting McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979)). Thus, Edson's motion is insufficient to support a federal question claim and must be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

action."); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (internal citation omitted).

Additionally, Edson does not have standing to pursue his claims.  To have Article III standing to maintain an action in federal court, a plaintiff bears the burden of alleging facts sufficient to establish that "(1) [the plaintiff] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citation omitted); Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 666 (1 st Cir.2010) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  Here, Edson has not alleged facts sufficient to establish that he personally suffered (or will imminently suffer) such an injury, that any such injury is fairly traceable to Tsarnaev's actions, or that such injury can be redressed by this court.

To the extent Edson seeks the release of defendant Tsarnaev from pre-trial detention, Edson is without standing.  Although a petition for writ of habeas corpus may be brought by someone acting on petitioner's behalf, see 28 U.S.C. § 2242 (providing that a third-party application for habeas relief is actionable if it is "signed and verified by the person for whose relief it is intended or by someone acting in his behalf"), Edson must demonstrate that he has standing to proceed as "next friend" to defendant Tsarnaev.  A "next friend" who files a habeas petition on behalf of another person must provide an adequate explanation why the real party in interest cannot appear on his own behalf, Whitmore v. Arkansas, 495 U.S. 149, 163, 110 S. Ct. 1717, 109 L.Ed. 2d 135 (1990), and "next Friend" capacity "is not lightly granted." Sam M. ex rel. Elliott v. Carcieri, 608 F.3d 77, 90 (1st cir. 2010).  The "next friend" doctrine was not intended to be granted to "intruders or uninvited meddlers, styling themselves as next friends." Whitmore, 495 U.S. at 164.

Beyond the jurisdictional issues, Edson's motion must also be dismissed because the allegations, taken in the light most favorable to Edson, fail to state any claim upon which relief may be granted. See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 26-27 (1st Cir. 2001).  Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate. Garayalde-Rijos

<u>v. Municipality of Carolina</u>, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).  Given the nature of the identified jurisdictional deficiencies, amendment would be futile.

ORDER

For the foregoing reasons, it is hereby ORDERED that Edson's motion is DENIED without assessment of the filing fee, and this action is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

SO ORDERED.

| | |
|---|---|
|  May 29, 2014  <br> DATE |  /s/ Indira Talwani  <br> INDIRA TALWANI <br> UNITED STATES DISTRICT JUDGE |